**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4580**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

FRANKLIN ALEXANDER MILLS,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00039-WO-1)

Submitted:  September 29, 2011      Decided:  December 15, 2011

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.   John W. Stone, Jr., Acting United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Franklin Alexander Mills of multiple drug and firearms offenses,[1] and the district court sentenced him to a total of 180 months' imprisonment.  On appeal, Mills argues that the district court erred in denying his motion to suppress evidence, improperly sentenced him to the mandatory minimum five-year term of imprisonment for violation of § 924(c) to run consecutively to the mandatory minimum sentence for violation of § 841(b)(1)(B), and improperly enhanced his sentence based on a prior North Carolina conviction.  We affirm Mills' convictions but vacate his sentence in part and remand to the district court for resentencing.

Mills argues that the district court erred in denying his motion to suppress the evidence recovered following a canine sniff of his vehicle.  In reviewing the district court's denial of a motion to suppress, "[w]e review the district court's legal determinations *de novo* and its factual determinations for clear error."  United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010).  When the district court

---

[1] The jury convicted Mills of possession with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B), and (b)(1)(C) (West 1999 & Supp. 2011), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2000 & Supp. 2011), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006).

has denied a suppression motion, "we construe the evidence in the light most favorable to the government." Id. Our review of the record leads us to conclude that the district court did not err in denying Mills' motion to suppress. See United States v. Farrior, 535 F.3d 210, 220 (4th Cir. 2008) (concluding that brief canine sniff after officer issued citation and returned license and registration was "a *de minimis* intrusion on [the defendant's] liberty interest"). Therefore, we affirm Mills' convictions.

Mills next argues that the district court erred in sentencing him to a mandatory minimum five-year term of imprisonment for violation of § 924(c) to run consecutively to the ten-year mandatory minimum sentence for violation of § 841(b)(1)(B). Mills' argument is, however, foreclosed by the Supreme Court's recent decision in Abbott v. United States, 131 S. Ct. 18, 23 (2010) (holding "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction"). Therefore, we affirm this portion of Mills' sentence.

Finally, Mills argues that the North Carolina drug conviction used to enhance his mandatory minimum sentence under § 841(b)(1)(B) was not punishable by more than one year of imprisonment. See 21 U.S.C. § 802(44) (2006) (defining felony

3

for purposes of § 841 as a crime "punishable by imprisonment for more than one year"); N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2007) (setting out minimum and maximum sentences applicable under North Carolina's sentencing scheme to offenses committed on or after Dec. 1, 1995, and before Dec. 1, 2009).[2] When Mills raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), in which the defendant raised the same argument. In view of Simmons, we vacate this portion of Mills' sentence and remand the case to the district court for resentencing.

Accordingly, we affirm Mills' convictions, affirm his sentence in part and vacate his sentence in part, and remand for resentencing in accordance with Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2] The statute subsequently was amended, but the amendments do not apply to Mills.